UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CREATIVE REALTY INC** | **CIVIL ACTION NO. 13-2564** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HD SUPPLY WATERWORKS GROUP INC** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Before the Court is a Rule 12(c) Motion for Judgment on the Pleadings [Doc. No. 17] filed by Defendant HD Supply Waterworks Group, Inc. ("HD Supply"), f/k/a National Waterworks, Inc. ("Waterworks"). For the following reasons, HD Supply's motion is GRANTED.

I. FACTS AND PROCEDURAL HISTORY

In 2002, Waterworks, a Delaware corporation, purchased immovable property ("Property") situated in Ouachita Parish, Louisiana. Waterworks provided the following address for tax notice in the deed through which it acquired the Property: 200 West Highway 6, Suite 620, Waco, Texas 76712. [Doc. No. 17-2, p. 2].

In 2006, Waterworks changed its name to HD Supply. A Certificate of Amendment documented the change and was filed with the Louisiana Secretary of State ("Secretary of State") in January 2007. [Doc. No. 17-3].

In December 2007, HD Supply changed the addresses of its Louisiana principal business establishment, registered office, and registered agent to 1100 Poydras Street, #2900-115, New Orleans, Louisiana 70163. A "Statement of Change of Registered Office, Registered Agent and/or Principal Business Establishment in Louisiana" documented the change and was filed with the

Secretary of State in January 2008. [Doc. No. 17-4].

HD Supply did not pay property taxes to the City of Monroe for the year 2007, totaling $203.96. [Doc. No. 17-5]. In 2008, the Tax Collector of the City of Monroe ("Tax Collector"), mailed via certified mail a Delinquent Tax Notice ("Notice"), which contained a notice of pending tax sale, to Waterworks' Waco, Texas address. [Doc. No. 32-1, pp. 2-3]. However, on April 22, 2008, the Notice was returned to the Tax Collector marked "not deliverable as addressed." *Id*. Thereafter, the Tax Collector advertised the June 25, 2008 Tax Sale of the Property ("Tax Sale") in a local publication, *The News Star*, on three occasions: May 15, 2008; May 29, 2008; and June 18, 2008 ("the Advertisements"). [Doc. No. 17-5]. On June 25, 2008, the Property was sold to Plaintiff Creative Realty, Inc. ("Creative"), for $412.41. *Id*. On June 27, 2008, the Tax Collector executed a Tax Collector's Deed ("Tax Deed"). *Id*.

On August 12, 2013, Creative filed a Petition to Quiet Tax Title ("Petition") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. In the Petition, Creative seeks to obtain a judgment "confirming its title to the Property and to have said title quieted." [Doc. No. 1-1, p. 3 ¶ 7].

On August 28, 2013, the case was removed to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. [Doc. No. 1].

On August 28, 2013, HD Supply filed an Answer and Counterclaim to Annul Tax Sale [Doc. No. 4].

On November 12, 2013, HD Supply filed the instant Motion for Judgment on the Pleadings [Doc. No. 17] requesting that the Court, pursuant to Federal Rule of Civil Procedure Rule 12(c), dismiss Creative's claims for failure to state a claim upon which relief can be granted. HD Supply

avers that the Tax Sale is null and void because neither Waterworks nor HD Supply received adequate notice of delinquent taxes or the pending Tax Sale as required by the Due Process Clause of the United States Constitution; Article I, Section 2 of the Louisiana Constitution; and jurisprudence interpreting Louisiana Revised Statute 47:2180. Therefore, HD Supply argues that it is impossible for Creative to obtain a judgment to confirm or quiet title to the Property, and the Court must dismiss Creative's claims.

On December 2, 2013, Creative filed an Opposition [Doc. No. 25], and HD Supply filed a Reply [Doc. No. 26] on December 16, 2013.

On January 8, 2014, over HD Supply's Objection [Doc. No. 29], Creative filed a Supplemental Opposition [Doc. No. 31].

On January 9, 2014, Creative filed a Supplemental Exhibit [Doc. No. 32], and HD Supply filed a Supplemental Reply [Doc. No. 36] on January 14, 2014.

**II.    LAW AND ANALYSIS**

   **A.    Standard of Review**

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hughes*, 278 F.3d at 420). "Although we must accept the factual allegations in the

pleadings as true, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Doe*, 528 F.3d at 418 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "'[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.'" *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *see also Westlands Water Dist. v. U.S. Dep't of Interior, Bureau of Reclamation,* 850 F. Supp. 1388, 1399 (E.D. Cal. 1994) ("Yet, the court need not accept as true allegations that contradict facts which may be judicially noticed.").

A Rule12(c) "judgment on the merits can be rendered by looking to the substance of the pleadings and *any judicially noticed facts*." *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (emphasis added). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing FED. R. EVID. 201(b)). Courts may take judicial notice of matters of public record. *Stryker Corp.*, 631 F.3d at 783; *see In re Chinese Manufactured Drywall Products Liab. Litig.*, 759 F. Supp. 2d 822, 828 (E.D. La. 2010) (same); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) (holding that "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Ratcliff v. Rainwater*, 93 F. App'x 623, 625 (5th Cir. 2004) (same).

In the instant case, no genuine factual disputes are asserted.[1] The only question presented to the Court is one of law: whether HD Supply's due process rights were violated.

For the purposes of the present motion, the Court takes judicial notice of the Secretary of State's records, Ouachita Parish's mortgage/conveyence records ("Ouachita Parish"), and the Tax Collector's records.[2]

B.   Analysis

The sale of property for nonpayment of taxes is an action that affects a property right protected by the Due Process Clause of the Fourteenth Amendment. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983). In *Mullane*, the Supreme Court of the United States establishes that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

---

[1] Creative's general denials in its answer [Doc. No. 9] to HD Supply's counterclaim are either legal conclusions, not well-pled facts, or contradicted by the public records. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding that legal conclusions and bare assertions devoid of further factual enhancement fail to constitute well-pled facts).

The following series of events are established in the public records: (1) the Tax Collector mailed the Notice to HD Supply's Waco, Texas address; (2) the Notice was returned as undeliverable; (3) the Tax Collector published the Advertisements; (4) HD Supply's correct address was on file with the Secretary of State when the Notice was returned; and (5) Creative purchased the Property at the Tax Sale.

[2] The Court takes judicial notice of the following public records, which are directly relevant to the issue at hand: (1) the Notice and envelope [Doc. No. 32-1, pp. 2, 3] filed with the Tax Collector, (2) the Tax Deed [Doc. No. 17-5] filed with Ouachita Parish, (3) the Special Warranty Deed [Doc. No. 17-2] filed with Ouachita Parish, (4) the Statement of Change of Registered Office, Registered Agent and/or Principal Business Establishment in Louisiana [Doc. No. 17-4] filed with the Secretary of State, and (5) the Certificate of Amendment changing Waterworks' name to HD Supply [Doc. No. 17-3] filed with the Secretary of State.

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

"Article VII, Section 25(A) of the Louisiana Constitution of 1974 requires the tax collector to provide notice of the tax delinquency and the tax sale to owners of record." *Smitko v. Gulf S. Shrimp, Inc.*, 2011-2566 (La. 7/2/12), 94 So. 3d 750 756. In former § 47:2180, which was in effect at the time of the Tax Sale, the legislature sets forth the manner in which notice of delinquencies in immovable property taxes must be provided.[3] The statute reads, in pertinent part:

> A. (1)(a) On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, *written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law*.
> . . . .
> B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein. . . . *In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7 Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtor's property in the advertising required for unknown owners in Subsection C of this Section.* . . .
>
> C. The tax collector shall publish one general notice

---

[3] On January 1, 2009, Louisiana Revised Statute 47:2153 was enacted, in part, to satisfy requirements of due process. 2 LA. PRAC. REAL EST. § 17:35 (2d ed.). The statute provides, in pertinent part:
> C. (1) In the absence of actual notice of the sale to a tax sale party . . . or the demonstration of a reasonable effort to provide notice, where the name and address of the tax sale party were reasonably ascertainable . . . the tax collector shall cancel the sale of the property and refund the tax sale purchaser the tax sale purchase price.

LA. REV. STAT. ANN. § 47:2153 (C)(1).

> substantially in the form set forth herein, addressed to all unknown owners of assessed immovable property situated in his parish, and to nonresident owners of such property whose post office address is unknown. . . .

LA. REV. STAT. ANN. § 47:2180 (2008).

Thus, under Louisiana law, "in order to give property owners reasonable notice so as not to deprive them of constitutionally protected property rights, the tax collector is required to provide 'each taxpayer' with written notice, sent by certified mail return receipt requested, alerting each record owner of the immovable property that the owner's failure to pay the taxes within twenty days will result in the sale of the property." *C & C Energy, L.L.C. v. Cody Investments, L.L.C.*, 2009-2160 (La. 7/6/10), 41 So. 3d 1134, 1139 (citing *Lewis v. Succession of Johnson*, 2005-1192 (La. 4/4/06), 925 So. 2d 1172, 1177). In *Lewis*, the Supreme Court of Louisiana emphasizes that "[s]ince at least 1919, however, this court has held that a sale of property for delinquent taxes is invalid if the tax collector has failed to comply with the legal requirements for giving notice to the tax debtor and, if in consequence, the tax debtor did not have notice prior to the sale." *Lewis*, 925 So. 2d at 1177. Furthermore, the Court consistently affirms that "notice is a constitutional requirement, and want of notice is fatal to a tax sale." *Id.* at 1177; *C & C Energy*, 41 So. 3d at 1139; *Smitko*, 94 So. 3d at 757. As such, "the resulting tax sale is null and void in its entirety." *Smitko*, 94 So. 3d at 759.

In the Petition, Creative seeks to quiet title. In *Smitko*, the Supreme Court of Louisiana discussed the burdens of proof in proceedings such as this:

> When a tax purchaser sues to quiet a tax title, she puts that title at issue, and the former owner may avail himself to any defense sufficient to defeat the tax title. A tax deed by a tax collector shall be *prima facie* evidence that a valid sale was made. Therefore, the former property owner must then carry the burden of proving any defects in the tax adjudication proceedings. *If the former property*

7

> owner "*offers evidence sufficient to rebut the presumption of regularity, it then becomes the duty of the tax purchaser to go forward and prove that all requisites for a valid tax sale were complied with.*"

*Smitko,* 94 So. 3d at 757-58 (citations omitted) (emphasis added).

The Tax Deed is *prima facie* evidence that the Tax Sale is valid. However, HD Supply alleges that defects in the tax adjudication proceedings violated its due process rights. HD Supply makes the following contentions: (1) the Tax Collector did not attempt to give pre-tax sale notice as required by § 47:2180; (2) after the Notice was returned, the Tax Collector did not take additional reasonable steps to notify HD Supply of its delinquent taxes and the pending Tax Sale; (3) HD Supply's name and address were reasonably ascertainable, and, thus, the Advertisements were inadequate notice; and (4) reasonable steps were not taken to give post-tax sale notice to HD Supply. Creative avers that notification by publication satisfies due process requirements because HD Supply's name and address were not reasonably ascertainable, and, therefore, the Tax Collector did not have to take any additional steps to notify HD Supply.

    *A.*    *Attempted Pre-Tax Sale Notice*

HD Supply's first contention is without merit. The Notice[4] and envelope sent to HD

---

[4] The Notice states the following:

> "YOU ARE HEREBY NOTIFIED THAT YOUR PROPERTY TAXES FOR THE YEAR 2007 ARE NOW DUE AND UNPAID AND THAT ALL TAXES MUST BE PAID WITHIN TWENTY (20) DAYS AFTER SERVICE OR MAILING OF THIS NOTICE, OR THAT SAID PROPERTY WILL BE SOLD ACCORDING TO LAW."

[Doc. No. 32-1, p. 3].

Supply's Waco, Texas address is in the Tax Collector's public record.[5] [Doc. No. 32-1, pp. 2-3]. The recently furnished Notice proves that notice pursuant to § 47:2180 was *attempted*, but was returned to the Tax Collector as "not deliverable as addressed." *Id*.

> B. *Additional Reasonable Steps to Give Pre-Tax Sale Notice, and Notification by Publication*

In the instant case, the record contains no evidence or allegations that the Tax Collector took any additional reasonable steps, beyond publication, to notify HD Supply of either the 2007 tax delinquencies or the Tax Sale involving the Property, as required by law.

"[W]here the mailing of a tax notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector *must take additional reasonable steps* to notify the tax debtor of a delinquency." *Lewis*, So. 2d at 1178 (citing *Estate of Willis v. Cairns*, 630 So. 2d 805, 806 (La. Ct. App. 1993)) (emphasis added). The Court in *Lewis* further explains that "the requirement that the tax collector take additional steps to notify a delinquent taxpayer is a long standing principle." *Lewis*, 925 So. at 1178; *see also Adsit v. Park*, 144 La. 934, 940, 81 So. 430, 432 (1919) (finding that "when informed that the notice had not been delivered to the tax debtor, the tax collector should have used some diligence to make an effective service of notice; and that his failure in that respect was fatal to the tax sale").

If the tax debtor is a corporation with its correct address and agent for service of process on

---

[5] HD Supply urges the Court to disregard the Declarations of Timothy Lewis [Doc. No. 32-1, p. 1] and Rennada R. Smith [Doc. No. 28-3] because, among other reasons, they contain patently incorrect information that is contradicted by the public record. [Doc. No. 36, p. 3 n. 3]. In Rule 12(c) motions for judgment on the pleadings, courts may not consider evidence beyond the pleadings, such as declarations. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1550 (9th Cir. 1989). Therefore, the Court does not consider either Declaration. However, the unsealed envelope and the Notice are in the public record and available for judicial notice.

file with the Secretary of State, then such information is reasonably ascertainable. *Vincson, Inc. v. Ingram*, 2001-2655 (La. App. 1 Cir. 11/8/02), 835 So. 2d 813. In *Vincson*, notice was mailed to a corporate debtor's address from the tax rolls, but the notice was returned as undeliverable. The debtor presented evidence that its annual corporate report, on file with the Secretary of State, provided the debtor's correct address. The Sheriff was made aware that the debtor's address was incorrect when the undeliverable notice was returned. Afterwards, the Sheriff advertised the tax sale twice in a local newspaper and sold the property at a tax sale. The court noted that merely relying on publication was insufficient because the Sheriff was "required to take additional reasonable steps to notify the tax debtor and ascertain the tax debtor's correct address in order to comply with the mandate of due process." *Id.* at 816. The court reasoned that "[a]s this annual report was filed with the Secretary of State, a simple phone call by the Sheriff would have provided him with the correct address for notice and was an additional reasonable step that should have been taken to ensure the protection of [debtor's] right to due process." *Id.* The court held that information in corporate filings with the Secretary of State, which contained the debtor's correct address, was "easily ascertainable." *Id.*

"Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party. . . . if its name and address are reasonably ascertainable." *Mennonite Bd. of Missions*, 462 U.S. at 800. Constructive notice by publication in a newspaper is only adequate if "it is not reasonably possible or practicable to give more adequate warning." *Jones v. Flowers*, 547 U.S. 220, 237 (2006). "The Supreme Court has adhered unwaveringly to the principle that notice by publication is not reasonably calculated to inform interested parties who can be notified by more effective means such

as personal service or mailed notice." *Kilpatrick Life Ins. Co. v. Prator*, CIV.A. 07-1742, 2008 WL 4976752 (W.D. La. Nov. 19, 2008) (citing *Mennonite Bd. of Missions*, 462 U.S. at 800).

HD Supply cites *Lewis* for the proposition that when the Notice was returned as undeliverable, the Tax Collector was required to take additional reasonable steps to notify HD Supply and ascertain its name and address. [Doc. No. 17-1, p. 13 (citing *Lewis v. Succession of Johnson,* 2005-1192 (La. 4/4/06), 925 So. 2d 1172, 1177)]. As in *Vincson*, HD Supply provides uncontested evidence that its corporate documents available from the Secretary of State prior to the Notice's return showed its correct name and address. [Docs. No. 17-1, pp. 12- 13 (citing *Vincson*, 835 So. 2d 813); 17-4; 17-3]. HD Supply avers that, if the Tax Collector had contacted the Secretary of State, he could have obtained Waterworks' new name and. [Doc. No. 17-1, p. 13 (citing 17-3 and 17-4)]. HD Supply contends that the Tax Sale is null and void because the Tax Collector's failure to provide it with adequate notice violated its due process rights. Therefore, HD Supply concludes, Creative's requested relief of confirming ownership and quieting title cannot be granted.

Creative does not allege that the Tax Collector took any additional steps beyond the Advertisements to ascertain HD Supply's correct address and give it notice of the Tax Sale. Creative argues that notice by publication is adequate because Waterworks' new name and address were not reasonably ascertainable in 2008 due to HD Supply's failure to furnish the taxing authorities with a new address.[6] Thus, Creative argues, HD Supply cannot meet its burden of proof that the Tax

---

[6]Creative concedes that the Court may take judicial notice of some public records, but contends that the Court "cannot take judicial notice of the fact that the City of Monroe could have ascertained the name and address of the successor to National Waterworks." Creative argues that the pending motion is more properly characterized as one for summary judgment under Rule 56 and, as such, is premature because Creative has not had an opportunity to conduct discovery.

Deed is invalid. The Court disagrees.

First, Creative notes that the Secretary of State's database was not online in 2008 and asks "[j]ust exaclty how the city should have ascertained HD Supply Waterworks' name is a mystery. Crystal ball? Tea leaves?" [Doc. No. 25-1, p. 2]. Creative claims that the City only knew the tax debtor as Waterworks and that any efforts to find it after its acquisition by Home Depot in early 2008 were futile. Creative concludes that "the only possible means of notice was by publication." *Id*. However, the Secretary of State's database was accessible prior to the internet. As in *Vincson*, which occurred in 1995, a simple phone call to the Secretary of State would have revealed Waterworks' new name and address. Accordingly, the Court agrees with HD Supply; once aware that the Notice was returned, the Tax Collector was required to take additional reasonable steps to give HD Supply notice regardless of whether the database was available online. [Doc. No. 26, p. 4].

Second, Creative relies on *Wright* for the proposition that a debtor corporation has an obligation to provide a tax collector with notice of a change of address. *Wright v. Cingular Real Estate Holdings of Louisiana, L.L.C.*, 2009-1825 (La. App. 1 Cir. 7/1/10). Creative avers that HD

---

First, the Court may, and does, take judicial notice of the public records which prove that the tax debtor was a corporation with its name and address on file with the Secretary of State in April 2008, when the Notice was returned. Although the Secretary of State's database was not online, common sense dictates that the Secretary of State would have furnished the records at the request of the Tax Collector. *See Vincson, Inc. v. Ingram*, 2001-2655 (La. App. 1 Cir. 11/8/02), 835 So. 2d 813 (holding that a phone call to the Secretary of State would have provided the tax collector with the correct address). Therefore, the Court may reason that the Tax Collector could have reasonably ascertained HD Supply's name and address by calling the Secretary of State.

Second, Creative argues that notification by publication is sufficient notice because HD Supply's name and address were not reasonably ascertainable in 2008. Excluding the Advertisements, it is undisputed that no additional reasonable steps were taken to give HD Supply notice. Even if Creative is given an opportunity to conduct discovery, the Court is unaware of any facts, consistent with the pleadings, that could prove that HD Supply's rights to due process were not violated.

Supply failed to furnish the taxing authorities with a new address. Creative concludes that HD Supply's "fail[ure] to get written notice was due entirely to its failure to provide information to the city." [Doc. No. 25-1, p. 3]. Even if the Court were to accept the alleged failure as fact, *Wright* is easily distinguishable from the present case. There, "a person who may not have been [an employee of the corporate debtor] signed the certified return receipt acknowledging delivery to [the corporate debtor] of the notice of tax delinquency." *Wright*, 2009-1825, at *2. Consequently, the tax collector was unaware that the address on the tax rolls was incorrect.

In the present case, the Tax Collector was made aware that the address for Waterworks was incorrect when the Notice was returned. Waterworks was a corporation for which information as to any name changes and agents for service of process was reasonably ascertainable in April 2008 by contacting the Secretary of State. As such, the Tax Collector could not merely rely on publication as a means of notice. He was required to take additional reasonable steps to ascertain the correct address and notify HD Supply in order to comply with the mandates of due process.

As a matter of law, when a corporate tax debtor's current address is on file with the Secretary of State, the debtor's address is reasonably ascertainable. Merely relying on notification by publication, without taking additional reasonable steps to locate the correct address and notify the debtor, is not effective notice and violates the debtor's right to due process. By failing to take such steps, the Tax Collector infringed upon HD Supply's rights to due process guaranteed by the United States Constitution. HD Supply establishes a defect in the tax adjudication proceedings: a lack of notice. Creative fails to plead a factual scenario, consistent with the pleadings, that could establish that the Tax Sale is valid. Therefore, the Tax Sale is null and void, and HD Supply is the rightful owner of the Property. Accordingly, the Court cannot grant Creative the relief sought in the Petition:

to confirm and quiet Creative's title to the Property and to certify it as the sole owner of the Property. Therefore, Creative's claims against HD Supply are dismissed for failing to state a claim for which relief may be granted.

### C. *Post-Tax Sale Notice*

The tax sale is null and void. Therefore, HD Supply's argument concerning the lack of post-tax sale notice is moot.

### III. CONCLUSION

For the foregoing reasons, HD Supply's Motion for Judgment on the Pleadings [Doc. No. 17] is GRANTED, and Creative's claims against HD Supply are DISMISSED.

Furthermore, the Tax Sale is ANNULLED, and HD Supply is DECLARED the rightful owner of the Property.

MONROE, LOUISIANA, this 12th day of March, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE